**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LISA K. YATES,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>                Defendant. | Case No. 09-CV-519-FHM |

**OPINION AND ORDER**

Plaintiff, Lisa K. Yates, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's August 30, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held October 6, 2008. By decision dated January 12, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 2, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 50 at the alleged onset date and 53 on the date of the decision. She formerly worked as receptionist for a medical clinic and for a veterinarian clinic.  She claims to have been unable to work since April 6, 2006 as a result of fibromyalgia and knee problems.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a) and that her past relevant work is not precluded by this RFC.  The ALJ therefore concluded at step 4 of the evaluative sequence that Plaintiff is not disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ failed to follow the treating source rule and performed an inadequate credibility analysis.  The court agrees.

In this case the ALJ essentially stated his conclusions with respect to the treating physician's opinion and credibility and left it to the court to read through the summary of the evidence to determine whether those conclusion are supported by substantial evidence. Regarding the treating physician's opinion the ALJ stated:

> The doctor wrote a letter dated August 2, 2006 stating that the claimant was unable to work due to her pain and inability to purchase medication (Exhibit 2F).  The Administrative Law Judge does not give this opinion controlling weight as objective

> exams do not show a problem to the degree the doctor concludes.

[Dkt. 16-2, p. 21]. The ALJ then outlined the medical evidence, and quoted the regulations concerning the proper analysis of the treating physician's opinion, but the ALJ did not point to what he relied on to conclude that Plaintiff's pain was not as debilitating as indicated in the treating physician's opinion.

Evidence supportive of the decision is present in the record as amply demonstrated by the Commissioner's brief to this court. [Dkt. 19, pp. 2-6]. However, it is not enough that the decision be supported by substantial evidence. The decision must also demonstrate that the ALJ adhered to the correct legal standards in reaching the decision. Where, as here, the ALJ does not identify *and discuss* the evidence upon which he relies, the Court cannot meaningfully review the ALJ's determination. *See, e.g., Clifton,* 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]").

Since Plaintiff suffers from fibromyalgia, consideration of her credibility is particularly important. The ALJ stated:

> The claimant's allegation's [sic] of inability to work due to disability is [sic] not entirely credible. She was fired from her longest job after refusing to take a second polygraph test and was fired to [sic] her job in the vet clinic after not being able to stand and for not doing her job. She alleges inability to stand, but also states she walks her dog on a daily basis (Exhibit 3F).

> he [sic] claimant testified that she cannot use chemicals when she scrubs the bathtub. She would be unable to scrub the bathtub if her knees and fibromyalgia were to the extent she stated.

[Dkt. 16-2, p. 22]. The foregoing paragraph does not explain why the ALJ disbelieves Plaintiff's testimony that she is unable to work even at a sedentary job because of mental fog, fatigue, pain, and discomfort sitting.

According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. *Id*. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). The ALJ did not comply with the legal standards of SSR 96-7p or *Kepler.* "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Washington v. Shalala,* 37 F.3d 1437, 1437 (10th Cir. 1994) (quotations omitted).

The undersigned finds that the Commissioner's decision must be reversed and the case remanded because the ALJ did not provide an appropriately detailed analysis of the reasons for rejecting the treating physician's opinion, or for the credibility decision.

The Commissioner's decision is REVERSED and the case is REMANDED for the ALJ to supply the rationale for this rejection of the treating physician's opinion and to supply a proper credibility analysis.

SO ORDERED this 22nd day of December, 2010.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE